## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JANET SMITH,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0831-18-0042-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: March 18, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Janet Smith</u>, Brooklyn, New York, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its reconsideration decision denying the appellant's application for a deferred Civil Service Retirement Systems (CSRS) annuity. For the reasons discussed below, we GRANT OPM's petition for review. We AFFIRM the initial decision in part, as MODIFIED, still

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSING OPM's reconsideration decision and finding that the appellant proved her nonreceipt of a refund for $1,028.12 in retirement deductions. We VACATE the initial decision, in part, as to its determination that the appellant is entitled to a CSRS annuity and REMAND this case to OPM for a reconsideration decision on the issue of the appellant's annuity entitlement.

## BACKGROUND

The appellant worked for the Department of the Navy in a career position from July 20, 1986, to June 30, 1994. Initial Appeal File (IAF), Tab 1 at 2, 11-12, Tab 7 at 22-25, 29.[2] In November 1994, she applied for a refund of her CSRS retirement deductions. IAF, Tab 7 at 35-36. One month later, OPM authorized a payment of $1,028.12, to reimburse the appellant for her deductions from October 12, 1986, to June 30, 1994. *Id.* at 8, 21-23.

In February 1996, the appellant wrote to the Defense Financing and Accounting Service (DFAS) to obtain information regarding her payment. IAF, Tab 1 at 14, Tab 12, Hearing Compact Disc (HCD) at 11:50-12:00 (testimony of the appellant). In March 1996, OPM wrote to the appellant that it could not "authorize a refund of [her] retirement deductions" because her application was more than a year old. IAF, Tab 7 at 34. The appellant submitted a second application in April 1996. *Id.* at 29-33. Later that month, OPM paid the appellant $9.49, representing her deduction for the earlier service period of July 20 to October 11, 1986. *Id.* at 20, 24-25.

In 2003, the appellant asked OPM for information as to the 1994 refund. *Id.* at 18. OPM provided her with a copy of her application and individual retirement record (IRR), but because the payment was "older than 6 years and 7

---

[2] The appellant's employing agency is referred to in various records as the Department of the Navy and the Department of Defense. *E.g.*, IAF, Tab 1 at 12-13, Tab 7 at 22, 24-25, 29. For purposes of this decision, we will refer to her employing agency as the Navy. The appellant also had an initial period of employment with this agency in a temporary position, which is not at issue in this appeal. IAF, Tab 7 at 24. Also not at issue in this appeal is her employment with the U.S. Postal Service, for which she also applied for a refund of her retirement deductions. *Id.* at 37-40.

months," referred her to the Department of Treasury for information as to her payment. *Id.* The appellant wrote to the Department of the Treasury in August 2003, but did not receive a response. *Id.* at 17; HCD at 10:13-10:21 (testimony of the appellant).

In late 2017, the appellant submitted an application for a deferred retirement annuity, seeking a CSRS annuity for her employment with the Navy. IAF, Tab 7 at 10-16. OPM issued a reconsideration decision on November 29, 2017, denying her request because of the prior refund of $1,028.12. *Id.* at 8-9. It did not mention the subsequent refund of $9.49. *Id.* The appellant filed the instant appeal, asserting that she was entitled to both a severance from the Navy and an annuity from OPM. IAF, Tab 1 at 3. She denied receiving the payment of $1,028.12. *Id.* at 5. She also disputed that the payment would have been sufficient to refund her deductions. *Id.*

After holding a telephonic hearing, the administrative judge issued an initial decision reversing OPM's reconsideration decision. IAF, Tab 13, Initial Decision (ID) at 1-2, 6. She explained that the Board does not have jurisdiction over the alleged nonpayment of a severance. ID at 1 n.1. As to the appellant's refund of her deductions, the administrative judge determined that the appellant received the payment of $9.49. ID at 2 n.2. However, she concluded that the appellant met her burden to prove that she did not receive the payment of $1,028.12. ID at 3-6. Therefore, she found that the appellant was entitled to an annuity. ID at 6.

On review, OPM continues to argue that the appellant received the $1,028.12 payment. IAF, Tab 7 at 5-6; Petition for Review (PFR) File, Tab 1 at 14-17. It further asserts that, even if she did not receive this refund payment, she is only entitled to the refund, and not an annuity. PFR File, Tab 1 at 17-19. The appellant has not responded to the agency's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the appellant met her burden to show nonreceipt of the payment.

The parties do not dispute that the appellant received a payment of $9.49.[3] HCD at 15:17-15:20 (testimony of the appellant).  However, the agency disagrees with the administrative judge's determination that the appellant did not receive the payment of $1,028.12.  PFR File, Tab 1 at 14-17.  We agree with the administrative judge that the appellant proved nonreceipt.  ID at 3-5.

The appellant bears the burden to prove her entitlement to a retirement annuity by preponderant evidence.  *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 71, *aff'd per curiam*, 950 F.2d 731 (Fed. Cir. 1991) (Table).  An individual's receipt of retirement deductions for a period of service generally voids her right to a retirement annuity for that period absent a redeposit of those deductions.  5 U.S.C. §§ 8334(d)(1), 8342(a); *Rint*, 48 M.S.P.R. at 72; 5 C.F.R. §§ 831.112(a), 831.303(b).  Thus, at a minimum, the appellant must prove by preponderant evidence that she did not receive the payment in question.  *Rint*, 48 M.S.P.R. at 71.

The Board has held that normal office records, compiled in the ordinary course of business, are admissible and are entitled to substantial weight.  *Id.* at 72.  Further, OPM is not required to produce definitive proof of an appellant's actual receipt of payment, such as a cancelled Treasury check, when its ability to produce such evidence is impaired by an appellant's lengthy delay in raising her claim of nonpayment.  *Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 686 (1997); *DeLeon v. Office of Personnel Management*, 49 M.S.P.R. 369, 373 (1991).  In such circumstances, the Board has found that OPM's record of an appellant's application for a refund, combined with records reflecting that it authorized payment, is sufficient to establish that the appellant received the

---

[3] In addition, they do not assert that the Board has jurisdiction over the alleged nonpayment of a severance.  We decline to disturb the administrative judge's finding that it does not.

refund. *DeLeon*, 49 M.S.P.R. at 372-73; *Rint*, 48 M.S.P.R. at 72. Such records give rise to an inference that a refund was made accordingly. *See Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992) (finding an IRR reflecting the amount of the refund payment was persuasive evidence that the payment was made), *aff'd per curiam*, 19 F.3d 40 (1994) (Table). However, the Board will not infer receipt if an appellant placed OPM on notice that there was a question as to her receipt of the refund within a period of time such that OPM could have ascertained whether any mailed check had been negotiated, or cancelled any issued check and issued a new check order. *See Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶¶ 16-18 (2006) (distinguishing from *DeLeon, Rint,* and *Sosa* because the appellants in those appeals waited between 22 and 32 years before bringing their alleged nonreceipt of funds to OPM's attention, while the appellant in *Manoharan* waited less than 4 months).

The administrative judge credited the appellant's testimony that she never received the refund of $1,028.12. ID at 4. Although she concluded that OPM's business records created an inference of receipt of the payment, she found that the appellant's testimony outweighed this evidence. We agree that OPM's business records, compiled in the ordinary course of business, are entitled to substantial weight. *DeLeon*, 49 M.S.P.R. at 372. However, we decline to infer that the appellant received the refund payment based on OPM's submission of the IRR and voucher request. As discussed above, this inference arises when OPM would be unduly prejudiced were we to require it to provide more definitive proof of the appellant's actual receipt of the check due to the passage of time. *DeLeon*, 49 M.S.P.R. at 373; *see Manoharan*, 103 M.S.P.R. 159, ¶ 18. Although OPM argues that the appellant "affirmatively" raised her claim of nonpayment for the first time in her Board appeal, it admits that she made an inquiry about it in April 2003. PFR File, Tab 1 at 9-10, 14-15. We conclude that her April 2003 inquiry, made less than 10 years after OPM allegedly paid the appellant, should

have provided OPM with sufficient notice to ascertain whether the check was negotiated or cancel and issue a new check. PFR File, Tab 1 at 14-15; *see Manoharan*, 103 M.S.P.R. 159, ¶ 16 (observing that, per OPM, Treasury retains copies of cancelled checks for up to 10 years). Instead of doing so, OPM referred the appellant to Treasury. IAF, Tab 7 at 18. Although the appellant inquired with Treasury, she testified that she received no response. IAF, Tab 7 at 17, Tab 12, HCD at 10:13-10:21 (testimony of the appellant).

OPM also disputes the administrative judge's finding that the appellant's letter to DFAS in February 1996 and OPM's March 1996 request that she submit a new refund application support a finding that OPM did not make the earlier payment of $1,208.12. PFR File, Tab 1 at 16-17; ID at 4-5. We agree and modify the initial decision to the extent that the administrative judge relied on this correspondence. ID at 5. In making this finding, the administrative judge mistakenly found that the $9.49 payment was for retirement deductions associated with service in a different agency. ID at 2 & n.2. However, as discussed above, the $1,028.12 and $9.49 payments covered two portions of the appellant's continuous employment with the Navy. IAF, Tab 7 at 20-25. Assuming that OPM received the appellant's February 1996 inquiry from DFAS, it appears likely that it believed the matter was resolved after it requested and received a new application from the appellant and paid her $9.49 in April 1996, to cover deductions during the remainder of her employment with the Navy. *Id.* at 29-34.

Thus, we agree with the administrative judge's finding that the appellant proved nonreceipt of her refund payment, but modify her reasoning as discussed above. We affirm the administrative judge's reversal of OPM's reconsideration decision.

<u>We vacate the administrative judge's finding that the appellant is entitled to annuity benefits and remand this issue to OPM for issuance of a new reconsideration decision.</u>

OPM argues that, if the appellant did not receive her refund payment, the most she is entitled to is a new payment. PFR File, Tab 1 at 17-18. It also asserts that she should have been placed in the CSRS "interim plan" effective July 20, 1986, and the CSRS Offset plan effective January 1, 1987. *Id.* at 7 n.1. We find that these issues are not properly before us, and vacate the administrative judge's finding that the appellant is entitled to an annuity. ID at 6. We remand this matter to OPM for issuance of a new reconsideration decision that addresses the appellant's rights and benefits in light her nonreceipt of the $1,028.12 payment.

The Board generally has jurisdiction over an OPM determination on the merits of a matter affecting the rights or interests of an individual under CSRS only after OPM has issued a reconsideration decision. 5 U.S.C. § 8347(d)(1); *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 19 (2011); 5 C.F.R. § 831.110. Because OPM has not yet considered the impact of the appellant's nonreceipt of the $1,028.12 payment on her entitlement to a retirement annuity or issued a reconsideration decision in light of this finding, the Board currently lacks jurisdiction to consider this issue. *See Cooper v. Office of Personnel Management*, 43 M.S.P.R. 458, 460-61 (1990) (finding that OPM erred in determining that an appellant was barred by statute from receiving survivor annuity for her ex-husband's service, and remanding for OPM to address whether a subsequent spouse had a superior right to the annuity).

For the reasons discussed above, we REMAND this appeal to OPM for further adjudication in accordance with this Remand Order.

## ORDER

We ORDER the agency to issue a new reconsideration decision addressing whether the appellant's nonreceipt of the $1,028.12 payment entitles her to an annuity or a reimbursement payment. In doing so, OPM shall calculate the

amount of any monthly annuity or lump-sum payment.  OPM shall issue the new reconsideration decision within 60 calendar days from the date of this Remand Order and shall advise the appellant of her right to file an appeal with the New York Field Office if she disagrees with that new decision.  *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 9 (2013).

We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant shall provide all necessary information OPM requests to help it carry out this Remand Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the New York Field Office if she believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

FOR THE BOARD:          Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.